UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FRANKLIN CASTRO, JR. AND KARLA ARITA-PORTILLO | CIVIL ACTION |
| VERSUS | NO: 25-1414 |
| AYDIN RESAT ET AL. | SECTION: "J"(2) |

## ORDER & REASONS

Before the Court is a *Rule 12(b)(6) Motion to Dismiss* **(Rec. Doc. 8)** filed by Defendant Cuneyt Pala. Plaintiffs, Franklin Castro, Jr. and Karla Arita-Portillo, opposed the motion (Rec. Doc. 13), and Defendant Pala filed a reply (Rec. Doc. 14). Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that the motion to dismiss should be **DENIED**, **without prejudice**, and with leave to permit Plaintiffs to amend their complaint.

## FACTS AND PROCEDURAL BACKGROUND

This litigation arises out of injuries that Plaintiffs sustained when Defendant Aydin Resat allegedly crashed a rental car into the back of Plaintiff Castro's motorcycle. On October 20, 2024, Plaintiff Castro was driving his motorcycle on Earhart Boulevard in New Orleans with Plaintiff Arita-Portillo as a passenger. Plaintiffs allege that Defendant Resat, who was apparently driving a rental vehicle, slammed into the back of Castro's motorcycle, causing both Plaintiffs to be thrown from the bike and to suffer injuries.

On May 12, 2025, Plaintiffs filed the instant suit against three defendants—Aydin Resat, Cuneyt Pala, and Sixt Rent a Car, LLC (whom Plaintiffs incorrectly named in their original petition)—in Civil District Court for the Parish of Orleans, State of Louisiana. Defendant Sixt Rent a Car, LLC removed the case to this Court on July 10, 2025, pursuant to 28 U.S.C. § 1441, averring that the Court had diversity jurisdiction under 28 U.S.C. § 1332. Defendant Aydin Resat was allegedly driving the automobile that struck Plaintiffs, while Defendant Sixt Rent a Car, LLC was the company that owned the rental automobile driven by Resat, a Florida domiciliary who was visiting New Orleans. Plaintiffs also included Cuneyt Pala as a defendant based on the Louisiana Uniform Crash Report from the collision, which listed an insurance policy belonging to Defendant Pala. Pala moves to dismiss the claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6).

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The court must

accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citation omitted).

Furthermore, when considering a motion to dismiss, a district court should freely grant leave to amend the complaint unless amendment would be futile. *See, e.g.*, *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010).

## **DISCUSSION**

In their state-court petition, Plaintiffs averred that Defendants Cuneyt Pala and/or Sixt were liable to them for negligent entrustment of the vehicle to Defendant Resat. (Rec. Doc. 13-1, at 3 ¶ 7). In his Motion to Dismiss, Defendant Pala accurately states the Louisiana law of negligent entrustment and claims that he did not have an ownership or lessor/lessee interest in the vehicle that Defendant Resat was driving at the time of the collision. Pala also maintains that "Plaintiffs simply cannot allege facts in good faith that Pala has the foundational relationship to the Resat vehicle to sufficiently state a cause of action for 'negligent entrustment,' because no such facts exist." (Rec. Doc. 8-2, at 6–7). More pointedly, he asserts that "Plaintiffs' allegations are entirely silent on what relationship, if any, Pala has to the Resat vehicle." *Id.* at 3.

In their opposition to Pala's Motion to Dismiss, Plaintiffs explain that they obtained Pala's name because he is the owner of the Progressive insurance policy identified in the Crash Report as providing coverage for the vehicle that Resat was driving when the collision occurred. Pala simply states in his reply that he was not the owner, the rentee/lessee, or the driver of the vehicle, but he does not offer any explanation as to why he was identified as the owner of the insurance policy associated with the vehicle, nor does he confirm or deny the allegation that he owned this policy or that it provided coverage for the vehicle. (Rec. Doc. 14, at 3 ("Pala being the 'owner' of the Progressive policy, that may or may not have provided coverage for the subject accident, does not expose any liability upon Pala for the alleged negligence of a vehicle allegedly owned by Sixt, leased to another, and negligently operated by Resat.")).

Under these circumstances, the Court agrees that Plaintiffs have not alleged sufficient facts to connect Defendant Pala directly to the vehicle that Resat was driving (or to Resat himself) or to establish all elements of a negligent entrustment claim under Louisiana law. However, at the same time, Plaintiffs reasonably named Pala as a defendant based on the information available to them from the Louisiana Uniform Crash Report.

Moreover, under Federal Rule of Civil Procedure 15(a), the Court should freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*,

371 U.S. 178, 182 (1962). Leave to amend, however, "is by no means automatic." *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994). The Court considers multiple factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182.

First, the Court does not find any bad faith or dilatory motive on Plaintiffs' part. Furthermore, while Plaintiffs have previously amended their complaint to add an additional defendant, this will be their first substantive amendment to the complaint in relation to Mr. Pala, and this amendment is important because without it, Plaintiffs' ability to recover for the damages they sustained may be unduly limited. Additionally, Defendant Pala has been served with notice of the suit against him, so allowing Plaintiffs to amend their complaint will not cause undue prejudice, particularly considering that it is still early in the litigation. The Court does not find that amendment of the complaint would be futile, and therefore, it freely grants Plaintiffs leave to amend.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Cuneyt Pala's *Rule 12(b)(6) Motion to Dismiss* **(Rec. Doc. 8)** is **DENIED**, **without prejudice**. Defendant Pala shall be permitted to re-file the motion, if necessary, to address the amended complaint.

**IT IS FURTHER ORDERED** that Plaintiffs are permitted leave to file a second amended complaint within 21 days.

New Orleans, Louisiana, this 20th day of November, 2025.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE