UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FRANKLIN CASTRO, JR. AND KARLA ARITA-PORTILLO | CIVIL ACTION |
| VERSUS | NO. 25-1414 |
| AYDIN RESAT ET AL. | SECTION: "J"(2) |

## ORDER AND REASONS

Before the Court is a *Motion to Dismiss Pursuant to Rules 12(b)(6) and 41(b)* **(Rec. Doc. 25)** filed by Defendant Cuneyt Pala. Plaintiffs did not file an opposition to the motion. Having considered Defendant Cuneyt Pala's motion and legal memorandum, the record, and the applicable law, the Court finds that the motion to dismiss pursuant to Rule 12(b)(6) should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

This litigation arises out of injuries that Plaintiffs sustained when Defendant Aydin Resat allegedly crashed a rental car into the back of Plaintiff Castro's motorcycle, throwing both Castro and his passenger, Arita-Portillo, from the bike. On May 12, 2025, Plaintiffs filed the instant suit against three defendants—Aydin Resat, Cuneyt Pala, and Sixt Rent a Car, LLC (whom Plaintiffs incorrectly named in their original petition)—in Civil District Court for the Parish of Orleans, State of Louisiana. Defendant Sixt Rent a Car, LLC removed the case to this Court on July 10, 2025, pursuant to 28 U.S.C. § 1441, averring that the Court had diversity jurisdiction under 28 U.S.C. § 1332. Defendant Aydin Resat was allegedly driving the

automobile that struck Plaintiffs, while Defendant Sixt Rent a Car, LLC was the company that owned the rental automobile driven by Resat, a Florida domiciliary who was visiting New Orleans. Plaintiffs also included Cuneyt Pala as a defendant based on the Louisiana Uniform Crash Report from the collision, which listed an insurance policy belonging to Defendant Pala.

Previously, Defendant Pala filed a Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 8), which Plaintiffs opposed (Rec. Doc. 13). On November 20, 2025, the Court denied Pala's Motion to Dismiss, without prejudice, and granted Plaintiffs leave to amend their complaint within 21 days in order to state a claim against Pala on which relief could be granted. (Rec. Doc. 24). Plaintiffs still have not filed an amended complaint, and therefore, Pala filed the instant motion seeking dismissal under Federal Rules of Civil Procedure 12(b)(6) and 41(b).

## DISCUSSION

As explained in its previous Order, the Court agrees that Plaintiffs have not alleged sufficient facts to connect Defendant Pala to the motor vehicle accident that gave rise to this litigation. Furthermore, Plaintiffs have not filed an amended complaint as permitted by the Court's November 20, 2025 Order, and therefore, they have failed to state a claim against Pala on which relief can be granted. Accordingly, dismissal of Plaintiff's claims against Defendant Pala is warranted under Rule 12(b)(6).

Additionally, Pala urges the Court to dismiss Plaintiff's action against him with prejudice, pursuant to Rule 41(b). Rule 41(b) of the Federal Rules of Civil

Procedure provides that when a court dismisses an action based on the plaintiff's failure to prosecute or to comply with a court order, the dismissal "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). However, Rule 41(b) also states that "a dismissal under this subdivision (b) and *any dismissal not under this rule*—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." *Id.* (emphasis added). In other words, a dismissal under Rule 12(b)(6) is a dismissal with prejudice, unless the court's order specifies otherwise, and therefore, it has preclusive effect. Accordingly, there is no reason to rely on Rule 41(b) in this case, and instead, the Court will grant dismissal pursuant to Rule 12(b)(6).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Cuneyt Pala's *Motion to Dismiss Pursuant to Rule 12(b)(6)* **(Rec. Doc. 25)** is **GRANTED**, and all of Plaintiffs' claims against Defendant Cuneyt Pala in the above-captioned matter are hereby **DISMISSED**, **with prejudice**.

New Orleans, Louisiana, this 9th day of January, 2026.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE